Motion for reargument of the appeal herein or, in the alternative, motion to amend remittitur denied. (See 22 N Y 2d 796.) Defendant received a sentence of from 40 to 60 years upon his conviction of burglary in the first degree as a second felony offender for which he was not eligible for a one-day-to-life sentence. He received lesser sentences to run concurrently on the other charges, including attempted rape, the only charge for which he was eligible to receive a one-day-to-life sentence. Section 2189-a of the former Penal Law is limited by its express terms to “ crime [s] punishable in the discretion of the court with imprisonment for an indeterminate term, having a minimum of one day and a maximum of * * * life ”. Defend *940 ant, therefore, has failed to demonstrate that he was prejudiced in any manner by alleged deficiencies in proceedings relevant to his mental condition held pursuant to section 2189-a to determine his eligibility for a one-day-to-life sentence. For this reason, we do not reach the constitutional questions sought to be raised by defendant.